United States District Court
Southern District of Texas
**ENTERED**
May 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROY P. LABOURDETTE JR., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-2551 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is the Defendant State Farm Lloyds's ("State Farm" or "Defendant") Motion to Exclude Expert Testimony (Doc. No. 20), to which the Plaintiff Roy P. Labourdette, Jr. ("Labourdette" or "Plaintiff") responded (Doc. No. 28). Also pending is State Farm's Motion for Summary Judgment (Doc. No. 21), to which Labourdette responded (Doc. No. 27), and State Farm replied (Doc. No. 29). After considering the motions, briefing, summary judgment evidence, and applicable law, the Court denies State Farm's motion to exclude and grants in part and denies in part State Farm's motion for summary judgment.

### I.   BACKGROUND

This is an insurance-coverage dispute. State Farm is Labourdette's home insurance carrier. Labourdette claims that his roof was damaged by hail and wind in a storm event on January 11, 2018. He filed a claim with State Farm, which State Farm denied. State Farm contends that Labourdette's roof damage was caused by wear, tear, and deterioration (essentially, old age), rather than by a covered cause of loss. Labourdette filed suit against State Farm in Texas state court alleging breach of contract, violation of Texas's prompt payment of claims statute, and violation of the Texas Insurance Code requiring claims be processed in good faith. (*See* Doc. No. 1, Ex. 3 at 7–9). State Farm removed to this Court.

## II. MOTION TO EXCLUDE

### A. Legal Standard

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court has clarified in *Daubert* and *Kumho Tire* that it is the gatekeeping role of the Court to determine whether an expert's proffered testimony conforms with Rule 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The Court is to "ensure the reliability and relevancy of expert testimony," *Kumho Tire*, 526 U.S. at 152, and is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.* at 157 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). An expert is to "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

### B. Analysis

State Farm contends that the testimony of Labourdette's causation expert Gary Neal should be excluded.[1] According to State Farm, Neal failed to conduct a complete or credible investigation of the Labourdette property, reviewed data that does not support his conclusion, and asserts opinions that are speculative, conclusory, and unreliable. (*See* Doc. No. 20 at 1). State Farm does not argue that Neal is unqualified to give opinions on causation.

---

[1] State Farm also moved to exclude any of Neal's opinions on claims handling, but Labourdette has represented that he no longer seeks to offer opinion testimony through Neal regarding State Farm's claims handling, so that issue is mooted. (*See* Doc. No. 28 at 10). Any testimony by Neal on that topic will be excluded.

2

First, State Farm asserts that Neal's investigation of the Labourdette property cannot support his conclusion that a hail event on January 11, 2018 caused the damage to the property. State Farm argues that Neal's primary basis for his causation conclusion is a "drive through" of Labourdette's neighborhood from which Neal concluded many of Labourdette's neighbors had recently replaced their roofs. According to State Farm, this is an unreliable methodology that leaves too large an analytical gap between the data and conclusions.

Contrary to State Farm's characterization of the drive through as the "primary basis" for Neal's opinion, (*see* Doc. No. 20 at 13), Neal's expert report indicates multiple bases for his conclusions. In addition to driving through Labourdette's neighborhood, Neal inspected the Labourdette roof personally, spoke to Labourdette and his wife about their own roof and what they noticed concerning neighbors getting new roofs, reviewed photographs of the roof from the State Farm claim file, learned from Labourdette's roofer that the roofer had personally replaced other roofs in the neighborhood, and reviewed weather data for the area on January 11, 2018. (*See* Doc. No. 20, Ex. 7). Neal's own observations of what he believed to be new roofs in Labourdette's neighborhood was not the only basis for his conclusion that Labourdette's roof had been damaged by hail. Instead, it was one piece of evidence, among others, that led to his conclusion. When all of this is taken together, the Court cannot say that Neal's conclusions are so unsupported as to warrant their exclusion.

In addition, State Farm argues that Neal failed to physically inspect essential areas of the home, thus relying only on photographs for his conclusions. State Farm also complains that Neal ignored alternative causes for the damage to the roof, such as defecting flashing, or wear, tear, and deterioration, and failed to take into account that the roof was 26 years old already.

Neal explains in his expert report that he determined the "complete [Labourdette] roof could not be safely walked, due to the steep pitch and inability to obtain adequate and safe footing during the inspection." (*Id.* at 7). Therefore, Neal "was forced to confine [his] inspection to accessible roof valleys and areas accessible from my ladder." (*Id.*). Even though it may have been preferable for Neal to have been able to inspect the complete roof, State Farm's concern that his conclusions depend only on photographs is misplaced, and State Farm does not contend that the areas Neal did inspect did not fairly represent the rest of the roof.

Next, Neal's expert report and deposition indicate that he did consider alternative causes of damages to the Labourdette roof, but rejected them. Neal apparently counted a high number of hailstone strikes in his test areas of the Labourdette roof and explains in his report that age of the roof "will always be a significant consideration factor in determining if [the roof] can be repaired or requires replacement." (*Id.* at 7–8). In his deposition, Neal testified that the roof was "aged," "depreciate[ed]," and "deteriorate[ed]," and opined that these were different than "wear and tear." (Doc. No. 20, Ex. 5 at 15). This may be a difficult position to take, but whether it is credible is a matter for rigorous cross-examination and jury determination, not exclusion. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Similarly, State Farm's insistence that its expert James Crawford's analysis and opinions are correct, in contrast to Neal's, is an issue for the jury.

In sum, State Farm's complaints about Neal's opinions and conclusions go to the weight the jury will give them at trial, not to their admissibility. The motion to exclude is denied.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

#### B. Evidentiary Objections

State Farm has objected in its reply brief to some of the evidence Labourdette offers with its response brief.

First, State Farm objects to the portion of Labourdette's deposition testimony in which he states that a roofing salesman knocked on Labourdette's door and told Labourdette he saw damage to Labourdette's roof. (*See* Doc. No. 27, Ex. 1 at 5). State Farm argues this is hearsay for which

5

no exception applies. The portion of the deposition about which State Farm complains was in response to a question it asked Labourdette regarding why he waited six months between the alleged date of loss and reporting the alleged loss to State Farm. (*Id.*). Therefore, the context of the exchange makes clear that Labourdette recounted the interaction with the roofing salesman not for the truth of the matter asserted by the salesman (that Labourdette's roof was damaged), but instead to explain why he waited to report the alleged loss to State Farm. Accordingly, the statement is not hearsay and the objection is overruled. *See* Fed. R. Evid. 802(c)(2) (hearsay statement is one offered to prove the truth of the matter asserted in the statement). The statement, however, cannot be the basis of actual proof that the roof was damaged because that would be an offer for the truth of the matter asserted.

State Farm's next two objections are to additional testimony in Labourdette's deposition, but State Farm recognizes that the testimony is "not specifically cited in Plaintiff's Response." (Doc. No. 29 at 2). Since the Plaintiff did not rely on the objected-to testimony to meet his summary judgment burden, nor will this Court and there is no need for this Court to rule on its admissibility. These two objections are overruled.

State Farm's last two objections are to alleged hearsay from Labourdette's roofer within the expert Gary Neal's affidavit and expert report. (*See id.* at 3). "[A]n expert may rely upon otherwise inadmissible facts and data 'if experts in the particular field would reasonably rely on such evidence.'" *Sandifer v. Hoyt Archery, Inc.*, 907 F.3d 802, 808 (5th Cir. 2018) (quoting *Daubert*, 509 U.S. at 595); *see also* Fed. R. Evid. 702. Even assuming that the statements from the roofer do constitute hearsay, Neal is permitted to rely on them. State Farm has not argued nor offered any evidence that an expert in the field of claims adjusting would not rely on statements from a roofer. Accordingly, the last two objections are also overruled.

## C. Analysis[2]

### 1. Breach of Contract

State Farm argues that it is entitled to summary judgment on Labourdette's breach of contract claim because the damage to Labourdette's roof occurred from a non-covered cause of loss as a matter of law or, in the alternative, Labourdette has no evidence that hail caused the damage. State Farm also argues it is entitled to summary judgment on Labourdette's claims of interior damage for the same reasons and because any interior damage does not exceed Labourdette's policy deductible.

As already recounted in the section on State Farm's motion to exclude Labourdette's causation expert's testimony, Labourdette does have admissible expert evidence that the damage to his roof was caused by hail. This creates a disputed fact issue as to the cause of the roof damage, so summary judgment as to the breach of contract claim with respect to roof damage is inappropriate.

Nevertheless, Labourdette has not met his summary judgment burden to provide the Court with specific facts that show a disputed fact issue as to the cause of any interior damage to Labourdette's home. *See Celotex*, 477 U.S. at 321–25. Labourdette's summary judgment response does not address that portion of State Farm's motion at all, which constitutes an abandonment of the claim for interior damages. *See Bedford v. Tex. Dep't of Transp.*, 810 Fed. Appx. 264, 268 (5th Cir. 2020) (no error for district court to conclude that plaintiff abandoned one claim by failing to respond to defendant's motion for summary judgment on that claim). Moreover, Labourdette's causation expert did not opine that the interior damage was caused by a covered cause of loss.

---

[2] In his summary judgment response, Labourdette moved to strike pages 21 to 28 of State Farm's motion because it exceeded this Court's without-leave 20-page limit. (*See* Doc. No. 27 at 10–11). It is true that this Court's local rules require parties to ask for leave to file motions exceeding 20 pages, but the Court finds there is good cause to consider all the briefing on the motion for summary judgment. The motion to strike is denied.

Neal's report states that he observed interior damage, but does not assert an opinion as to the cause of the interior damage. The closest Neal comes to opining on the cause of the interior damage is first referencing the roof's hail damage and then calling the interior damage "associated water intrusion damage." (Doc. No. 27, Ex. 7 at 5). An opinion that the interior damage is "associated" with the roof's hail damage does not constitute an opinion that the interior damage was caused by hail or another covered cause of loss. Indeed, Neal's report asserts that water damage in the master bedroom is due to trim damage, and that the trim damage "appears to have occurred during various roof inspections that have taken place over the past two years." (*Id.*). This interior damage, then, may be considered "associated" with hail damage in that an inspector damaged the trim while inspecting for hail damage, but would likely not be considered "caused" by hail damage for purposes of policy coverage. Labourdette, then, has not provided the Court with more than "a scintilla of evidence" to support his claim that the interior damage was caused by a covered cause of loss. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Accordingly, summary judgment on Labourdette's breach of contract claim with respect to any interior damage is granted.

Last, State Farm contends that, even if Labourdette could present evidence of hail damage, it is still entitled to summary judgment because Labourdette is unable to segregate the portion of property damage caused by hail damage from the damage caused by non-covered causes of loss. "[T]he doctrine of concurrent causation is not an affirmative defense or an avoidance issue." *Generation Trade, Inc. v. Ohio Sec. Ins. Co.*, 3:18-CV-0434-K, 2019 WL 3716427, at *4 (N.D. Tex. Aug. 6, 2019). "Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof." *Id.* At the summary judgment stage, this doctrine plays out as

8

follows. First, "[a]n insurer moves for summary judgment, arguing that an insured cannot produce evidence to satisfy the insured's ultimate burden to allocate its covered loss from its non-covered loss." *Id.* Then, "the insured . . . must *produce* evidence that the insured's alleged loss is covered." *Id.* To satisfy this burden of production, the insured may present either: "(1) evidence that *all* the claimed loss resulted from a covered event or (2) evidence that provides a jury a reasonable basis to segregate covered from non-covered loss." *Id.*

Here, Labourdette has chosen the former option—his expert attributes all of the claimed loss to the alleged covered hail event. Conversely, State Farm argues that all of the claimed loss is attributable to wear and tear, which is not covered. This evidence "rais[es] a genuine dispute as to the extent of covered versus non-covered damage." *Nasti v. State Farm Lloyds*, 4:13-CV-1413, 2015 WL 150468, at *4 (S.D. Tex. Jan. 9, 2015). The jury will not be required to "guess what percentage of the damage was caused by the hailstorm; instead, the jury [will be] faced with a credibility question" as between Labourdette's and State Farm's witnesses. *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 576 (Tex. App.—San Antonio 2011, pet. denied). Therefore, assuming State Farm met its initial burden to invoke the doctrine of concurrent causation, Labourdette has met his burden of production at this stage as well. Summary judgment based on the concurrent causation doctrine is denied.

### 2. Extra-Contractual Claims

State Farm also argues that it is entitled to summary judgment on Labourdette's claim under the Prompt Payment of Claims Act (PPCA) and his claim under Chapter 541 of the Texas Insurance Code. "To recover under the PPCA, an insured must establish that: (1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim." *Lyda Swinerton*

9

*Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018). An insurer may be liable under the PPCA if it is found liable for breach of contract. *Tremago, L.P. v. Euler-Hermes Am. Credit Indem. Co.*, 602 Fed. Appx. 981, 983 (5th Cir. 2015). This Court has already denied summary judgment on Labourdette's breach of contract claim, so summary judgment on his PPCA claim is also inappropriate and is denied.

Finally, a statutory bad faith claim under Chapter 541 of the Texas Insurance Code requires a showing of some unfair or deceptive act or practice by the insurer—in other words, bad faith. *See* Tex. Ins. Code. § 541.151. Labourdette has not offered any evidence that State Farm acted in bad faith in denying his claim. Instead, the parties have offered "evidence showing only a bona fide coverage dispute," which "does not, standing alone, demonstrate bad faith." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). Consequently, summary judgment as to this claim is warranted and is granted.

### IV. Conclusion

For the foregoing reasons, State Farm's Motion to Exclude (Doc. No. 20) is denied. In addition, State Farm's Motion for Summary Judgment (Doc. No. 21) is denied, except with respect to Labourdette's breach of contract claim relating to interior damage and with respect to his Chapter 541 bad faith claim. Summary judgment is granted as to those two claims only.

Signed at Houston, Texas, this 21st day of May, 2021.

Andrew S. Hanen
United States District Judge